State v. Simms, 24 N. M. 172.

[No. 2168, June 27, 1918.]
# STATE v. SIMMS.

### SYLLABUS BY THE COURT.

The additional 5 per centum of the total amount due from each delinquent taxpayer to be added by the clerk in entering judgment in all delinquent tax cases, provided for in section 6, c. 80, Laws 1917, is not a liability or a charge against the taxpayer prior to the institution of suit.

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Suit by the State of New Mexico against John F. Simms. Judgement for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

### STATEMENT OF FACTS.

This case is submitted upon an agreed statement of facts as follows: John F. Simms is the owner of lots 3 and 4 in block 8, Perea addition to Albuquerque, N. M., and the taxes for 1915 and 1916 upon said real estate have not been paid. That pursuant to the provisions of chapter 80, laws of 1917, the treasurer and collector of Bernalillo county caused notices to be posted, published, and mailed, in all respects as required by law, notifying the said defendant John F. Simms that suit would be instituted and filed upon the aforesaid property unless said taxes thereon, together with interest and costs, were paid before September 1, 1917, and that the said treasurer and collector would on that day apply to the court for judgment and an order of sale against said lands. That the notices given by posting, publication, and mailing were in full compliance with the provisions of the law, and no question as to their sufficiency or legality is raised in this cause. That this suit was filed on September 1, 1917, and on the same day John F. Simms filed his answer, admitting that the taxes on said premises were unpaid, and setting up the fact that on the 31st day of August, 1917, and before

the complaint in this cause was filed, he tendered to the collector of Bernalillo county the sum of $117.46 in full of the taxes, interest, costs, and penalties on said real estate, including the delinquent personal taxes of said John F. Simms, but refused to tender or pay the 5 per cent. additional upon the total amount due from said John F. Simms, to be covered into the court fund as provided in section 6 of said chapter, and the collector refused the tender of said John F. Simms on that account; and setting up defendant's readiness to pay the amount of said proper tender, without said 5 per cent, and praying that as to him the suit be dismissed. To this answer the plaintiff demurred, which demurrer was sustained on the ground that defendant was liable for the said 5 per cent additional at the time of his tender on August 31, 1917. Defendant declining to amend or further plead, judgment was rendered for the plaintiff, and the defendant excepted, and in open court prayed and was granted an appeal to the Supreme Court.

JOHN F. SIMMS, of Albuquerque, for appellant.

R. P. BARNES, of Albuquerque, for the State.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). There is but one question presented by the record in this case, viz.: In the matter of delinquent taxes, does the 5 per cent additional to be included in the judgment as provided in section 6 of chapter 80 of the laws of 1917, accrue and the delinquent taxpayer become liable therefor upon the posting, publication, and mailing of notices required by sections 1 and 2 of said act, or does said 5 per cent additional become chargeable to the taxpayer after entry of judgment in all cases provided for by the act in question?

It is conceded that this question is to be solved solely by a consideration of the act itself, and that no authori-

ty is to be found which might be of assistance to the court in its consideration of the question. Section 6 of chapter 80, laws 1917, is as follows:

"In entering judgment in all such cases the clerk shall' add to the amount of tax penalties and costs as shown by such delinquent tax list, five per centum    of    the total amount due from each person, or upon each lot or parcel of property described, which five per centum when collected shall be paid' over to the county treasurer and covered into the court fund of the county.

"Whenever special counsel' shall be employed to conduct such proceedings such five per centum shall be paid to such counsel by order of the court upon warrānts drawn against such court fund and shall constitute the compensation of any special counsel for all services rendered in any' such proceedings. Whenever the board of county commissioners shall deem it expedient so to do such special counsel may be employed for the purpose of conducting any such proceedings." .

It is to be observed by sections 1 and 2 of the act in question that it is made the duty of the treasurer and collector to prepare and cause to be published a notice that upon a date specified application will be made for judgment against real estate and personal property upon which taxes are delinquent and unpaid; that prior to the publication of said notices the treasurer and collector shall prepare a complete list containing the names of all owners of property upon which taxes in excess of $25 have become delinquent, together with a description of the property, and the amount of taxes, penalties, and costs due, which shall be posted at the front door of the courthouse during the period of publication first provided for, and that at the time of posting such tax lists and notice the treasurer shall mail to the last postoffice address· of each person or corporation whose taxes are delinquent notice to that effect, setting forth the amount of such taxes, together with interest, penalties, and costs. It is further provided by the act in question that after the completion of the publication a complaint shall be filed praying judgment against the property of persons described in said list, and after providing fully as to the judgment the act continues by

section 6, quoted supra, in a direction to the clerk to add to the amount òf taxes, penalties, and costs 5 per centum of the total amount due from each person upon each lot or parcel of property described.

It is thus evident, we believe, that the 5 per cent to be added by the clerk is necessarily an amount in excess of the tax, penalties, and costs required to be set out in the publication and notice first referred to in the act. It was unquestionably the intention of the legislature to afford delinquent taxpayers an opportunity to meet such delinquencies before subjecting them to costs of suits and sale of their property. In its desire to protect all the rights of the taxpayer, the legislature has attempted to provide three methods for bringing knowledge to the taxpayer of the proposed or threatened suit; first, the advertisement in some newspaper of general circulation; second, a posting at the door of the courthouse; third, by mailing to the last known post office address of the taxpayer a notice setting forth the amount of the taxes, interest, penalties, and costs. The last mentioned notice does not include the additional 5 per cent to be added by the clerk of the court "in entering judgment." Can it be said that if the taxpayer in response to this last mentioned notice received by him should present himself to the county treasurer and tender the amount therein mentioned, assuming that said amount is correct as shown by the books of the treasurer, he should not be entitled to demand a receipt in full, or a satisfaction and discharge of his delinquent taxes? We think that the legislature must have intended that he should be permitted to do so; otherwise the chief purpose and object of the notice provided for would not be attained. The notice is not merely for the purpose of summoning a taxpayer into court, but to enable him, as we view the matter, to pay and discharge his taxes if he should so elect. A careful reading of the act will further disclose that the 5 per cent additional provided for is in the nature of a penalty to cover court costs and to enable the county to employ special coun-

· sel to assist the district attorney in the handling of delinquent tax suits provided for by the act. This being so there is no reason or occasion for imposing the penalty until the taxpayer by his neglect has compelled the county to institute a suit against him.

In the case at bar the appellant tendered the amount of tax, interest, penalties, and costs due on the day before suit was filed. The treasurer should have accepted the amount tendered under the circumstances of the case and given him a receipt therefor. The additional 5 per cent of the total amount due from each delinquent taxpayer to be added by the clerk in entering judgment in all delinquent tax cases, provided for in section 6, c. 80, laws 1917, is not a liability or a charge against the taxpayer prior to the institution of suit. It is not necessary to a disposition of this case that we decide whether the taxpayer would become liable for this additional penalty before judgment and after the filing of the complaint. In the present case the amount due was tendered before the complaint was filed.

For the reasons stated the judgment is reversed and the cause remanded, with instructions to proceed in accordance with this opinion; and it is so ordered.

PARKER and ROBERTS, J.J., concur.